**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KAITLYNN AYERS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LAMONT, HANLEY & ASSOCIATES, INC.,<br><br>Defendant. | Civil Action No: 3:23-cv-945<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kaitlynn Ayers (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant Lamont, Hanley & Associates, Inc. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

3. On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB"), issued Regulation F, 12 C.F.R. § 1006,[1] (hereinafter, "Regulation F") which details what information and disclosures are required in collection communications sent by a debt collector to a debtor. Regulation F specifically requires information that informs consumers that any notice of a dispute of a debt means that a debt collector cannot continue to collect on the debt until it has been verified. 12 C.F.R. § 1006.34(c)(3)(i).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] *12 CFR Part 1006 - Fair Debt Collection Practices Act (Regulation F)*, CONSUMER FINANCIAL PROTECTION BUREAU, Nov. 30, 2021, https://www.consumerfinance.gov/rules-policy/regulations/1006/

## NATURE OF THE ACTION

6.     Plaintiff brings this class action on behalf of a class of Connecticut consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

7.     Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

8.     Plaintiff is a resident of the State of Connecticut, County of Litchfield.

9.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA.

10.    Defendant does business in the State of Connecticut and can be served process c/o its registered agent, Corporation Service Company, located at Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT, 06103.

11.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.    Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.    The Class consists of:

   a.    all individuals with addresses in the State of Connecticut;

   b.    who received a collection communication from the Defendant that did not contain the identifiable name of the original creditor, the required disclosure statements and breakdown of the debt;

  c.  wherein the Defendant sent collection communications which violated the FDCPA and Regulation F, infringing on the individual rights of the Class members; and

  d.  which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

14. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15. Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to March 29, 2023, a medical obligation was allegedly incurred by Plaintiff.

23. The obligation arose out of transactions which were primarily for personal, family or household purposes.

24. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. According to the Defendant's letter described below, the Defendant was contracted to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27. On or around March 29, 2023, Defendant mailed Plaintiff an initial collection communication to collect on the alleged debt. A true and accurate copy of the letter Defendant sent to the Plaintiff is attached as Exhibit A, hereinafter "Letter."

*Defendant's Letter Fails to Provide the Required Regulation F Disclosures*

28. The Letter contains a disclosure to inform the Plaintiff of the dispute process:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

*See* Exhibit A at 1.

29. Pursuant to Regulation F, the initial collection communication is required to have the following disclosure:

> The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed**, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment**.

12 C.F.R. § 1006.34(c)(3)(i) (emphasis added).

30. This provision of Regulation F echoes the language of the FDCPA which creates a consumer's right to not be subject to collection effort by a debt collector during the dispute process:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification** of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . .

15 U.S.C. § 1692g(b) (emphasis added).

31. The Letter fails to include the required language informing consumers that Defendant will cease collection of the debt until the debt is verified after a consumer notifies the Defendant of a dispute.

32. Additionally, pursuant to Regulation F, the initial communication letter must contain a breakdown of the debt stating from a specific date what the balance was and include any interest or fees that have accrued as well as account for any payments or credits that have occurred; if none of those items have occurred, the breakdown must include a zero next to those categories.

33. The Letter fails to include the required itemization of the current amount of the debt, reflecting any interest, fees, payments, or credits for the underlying debt, as required by 12 C.F.R. § 1006.34(c).

34. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. Pursuant to 15 U.S.C. § 1692e(2)(A), a violation occurs when a debt collector makes a false representation regarding "the character, amount, or legal status of any debt[.]"

36. Pursuant to 15 U.S.C. § 1692e(10), a violation occurs when a debt collector makes a collection communication with "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

37. Defendant's Letter violates 15 U.S.C. § 1692e because it contains a misrepresentation regarding the dispute process in an attempt to collect a debt.

38. Pursuant to 15 U.S.C. § 1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant's Letter violates 15 U.S.C. § 1692f, because it unfairly and unconscionably withholds the required disclosure information required by the FDCPA and Regulation F.

40. Thus, pursuant to Regulation F and the FDCPA, because Defendant's Letter failed to include the required disclosures, Defendant's conduct violates multiple provisions of the FDCPA.

*Defendant's Letter Does Not Contain the Name of the Creditor to Whom the Debt is Owed*

41. Additionally, Defendant's Letter fails to clearly convey the original creditor.

42. Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> . . . .
>
> (2) the name of the creditor to whom the debt is owed;
>
> . . . .

43. In the Letter, Defendant names the original creditor as "Anthem."

9

44. Providing a shortened name is an ineffective means of conveying the full and proper name of the creditor to whom the debt is owed, pursuant to 15 U.S.C. § 1692g(a)(1).

45. Thus, Defendant's Letter violates multiple provisions of the FDCPA because it fails to disclose the name of the creditor to whom the debt is owed.

*The Harms Resulting from Defendant's Conduct*

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

48. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

49. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

50. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with receiving a deficient collection communication.

51. Defendant's conduct demonstrated a reckless disregard of the FDCPA and Regulation F, causing Plaintiff to suffer from emotional stress.

52. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

53. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the

legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

55. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

56. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

57. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

58. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

59. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

60. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection information furnishment, and ultimate dissemination, to third parties.

61. Based on Defendant's failure to communicate with Plaintiff in accordance with Regulation F, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

62. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

66. Pursuant to 15 U.S.C. § 1692e(2)(A), a violation occurs when a debt collector makes a false representation regarding "the character, amount, or legal status of any debt[.]"

67. Pursuant to 15 U.S.C. § 1692e(10), a violation occurs when a debt collector makes a collection communication with "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

68. Defendant violated 15 U.S.C. § 1692e:

    a. By misrepresenting the dispute process to the Plaintiff by withholding a disclosure that Defendant will cease all collection efforts after receiving a notice of a dispute until the debt has been verified, which is required under Regulation F;

    b. By failing to include the required breakdown of the debt, pursuant to Regulation F; and

12

c.  By failing to disclose the name of the creditor to whom the debt is owed, which misrepresents the character and legal status of the debt.

69. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

70. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. § 1692f: "A debt collector may not use unfair and unconscionable means to collect or attempt to collect any debt."

73. Defendant violated 15 U.S.C. § 1692f:

a.  By unfairly and unconscionably withholding required disclosures in its Letter to the Plaintiff; and

b.  By unfairly and unconscionably failing to name the creditor fully.

74. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692g *et seq.***

75. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

77. Pursuant to 15 U.S.C. § 1692g(b), a debt collector must cease collection communications once the consumer has notified it of a dispute and the debt collector has not produce documents to verify the alleged debt:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

78. Defendant violated 15 U.S.C. § 1692g:

   a. By failing to disclose in its Letter that Defendant will cease all collection efforts after receiving a notice of a dispute and until the debt has been verified;

   b. By failing to include the required breakdown of the debt; and

   c. By failing to disclose the name of the creditor to whom the debt is owed.

79. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

80. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kaitlynn Ayers, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  July 17, 2023                                              Respectfully submitted,

**Stein Saks, PLLC**
/s/ Yaakov Saks
Yaakov Saks, Esq.

One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500
ysaks@steinsakslegal.com
*Counsel for Plaintiff*